IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-02370-CMA-KMT

HARRIET WHITESHIRT,

    Applicant,

v.

JAMES BEGAY, Acting Supervisory Correctional Specialist, Chief Ignacio Justice
    Center, Bureau of Indian Affairs, Ute Mountain Ute Agency, and
MICHELLE KEDELTY, Supervisory Correctional Specialist, Chief Ignacio Justice
    Center, Bureau of Indian Affairs, Ute Mountain Ute Agency,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court on Harriet Whiteshirt's Petition for Writ of Habeas Corpus. The Court, having reviewed the Petition (Doc. # 1), Respondents' Response to Order to Show Cause (Doc. # 10), Supplement to Response to Order to Show Cause (Doc. # 13) and Status Report (Doc. # 15), and having heard the parties' oral arguments (Doc. # 14), has determined that Petitioner's claims for relief are now moot and should be DISMISSED WITHOUT PREJUDICE.

A "live" case or controversy is prerequisite to federal jurisdiction. *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). In this case, Petitioner sought a writ of habeas corpus ordering her immediate release from the custody of Respondents. However, after she filed her Petition, the Supreme Court of the Cheyenne-Arapaho Tribes issued an opinion on the direct appeal of her conviction

ordering her release from custody. See Doc. # 13, Ex. A. On December 12, 2008, Petitioner was actually released from Respondents' custody. See Doc. # 15. Therefore, regardless of the merits of Petitioner's allegations of prosecutorial misconduct and corruption, this Court cannot grant Petitioner relief beyond that which she has already received from the Cheyenne-Arapaho Supreme Court. Thus, this matter has become moot and should be dismissed. See Unified Sch. Dist. No. 259 v. Sedgwick County, 491 F.3d 1143, 1150 (10th Cir. 2007) (noting case is moot when relief sought can no longer be given or was no longer needed); Bingham Livestock Transp., Inc. v. Mead, 2003 WL 21300284, *2 (10th Cir. 2003) (past exposure to illegal conduct not sufficient to present live case or controversy if not accompanied by continuing adverse affects). Moreover, Petitioner has not shown that any exceptions to the mootness doctrine apply here. The Court takes no position on whether Petitioner may have additional claims against tribal officials in the appropriate forum and limits this Order to the Petition for Writ of Habeas Corpus only.

Accordingly, because this matter was rendered moot upon Petitioner's release from Respondents' custody, it is hereby ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

DATED: December __16__, 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge